**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KALPANA UPPALADADIAM, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | NO. 3:09-CV-843-BF | |
| § | | |
| SUCHARITA REDDY a/k/a § | | |
| SUCHARITA REDDY JOREPALLY, § | | |
| KRISHNA VALLAPAREDDY, § | | |
| UNIVERSAL STONE GALLERY, INC. § | | |
| & NOBLE GRANITES INC. § | | |
|     Defendants. § | | |
| § | | |
| _____ § | | |
| KAL VEN SOLUTIONS, LLC § | | |
|     Plaintiff. § | | |
| § | | |
| v. § | | |
| § | | |
| FINALYSIS, INC., § | | |
|     Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Before the Court for decision is the Motion for Summary Judgment (doc. 26) of Plaintiff Kalpana Uppaladadiam ("Uppaladadiam") and Consolidated Plaintiff Kal Ven Solutions, LLC (together, "Plaintiffs"). Defendants Sucharita Reddy a/k/a Sucharita Reddy Jorepally ("Reddy"), Krishna Vallapareddy ("Vallapareddy"), Universal Stone Gallery, Inc., and Noble Granites, Inc. ("Original Defendants") and Consolidated Defendant Finalysis, Inc. (together with Original Defendants, "Defendants") responded to Plaintiffs' Motion. Uppaladadiam raises the following claims against Original Defendants: (1) Defendants had, received, and converted Uppaladadiam's money; and (2) theft of personal property. Uppaladadiam brings the following claim against Reddy, Universal Stone

Gallery and Noble Granites: (1) breach of contract. Uppaladadiam brings the following claims against Reddy: (1) promissory estoppel; (2) breach of fiduciary duty; (3) and fraud. Kal Ven Solutions brings the following claims against Finalysis, Inc.: (1) breach of contract; (2) quantum meruit; and (3) promissory estoppel. Uppaladadiam also claims that she is entitled to pre- and post-judgment interest, cost of Court and reasonable expenses incurred in this litigation, including attorney's fees amounting to $44,600.00.

## I. Consolidation

On June 22, 2010, the Honorable Amos Mazzant issued an Order transferring Civil Action No. 4:09-CV-212-ALM, styled *Kal Ven Solutions, LLC v. Finalysis, Inc.*, in the United States District Court for the Eastern District of Texas, Sherman Division, into the United States District Court for the Northern District of Texas, Dallas Division, and consolidated it with and into Civil Action No. 3:09-CV-843-BF, styled *Kalpana Uppaladadiam v. Sucharita Reddy a/k/a Sucharita Reddy Jorepally et. al.*

## II. Standard of Review

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does

not have the burden of proof at trial need only point to the absence of a genuine fact issue. *Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, Tex., 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993)

### III. Undisputed Material Facts Underlying the Uppaladadiam/Reddy Claims

Uppaladadiam and Reddy have been friends for over ten years. Reddy operates the businesses Universal Stone Gallery, Inc. and Noble Granites, Inc. Krishna Vallapareddy is married to Reddy. In November of 2008, Uppaladadiam gave money, totaling $105,000, to Reddy to hold until late 2008. (Pl. App. Ex. A-7.) Uppaladadiam sent three certified checks to Reddy. (*Id*.) Reddy deposited the first $45,000 check in her personal bank account, the second $45,000 check into a bank account for Universal Stone Gallery, Inc,. and the last $15,000 check into a Noble Granites, Inc. account. (Pl. App. Ex. C-F.) On December 29, 2008, Uppaladadiam sent an e-mail to Reddy requesting the money to pay for school. (Pl. App. Ex. A-5.) One week later, Reddy replied that she would not be able to return the money for another six to eight months and that Uppaladadiam should find an alternative way to pay for school. (Pl. App. Ex. A-6.) That same day, Uppaladadiam again requested the money via e-mail. (*Id*.) On January 19th, 2009, Uppaladadiam sent a third e-mail requesting Reddy to return the money. (Pl. App. Ex. A-7.) Reddy's economic advisor, Dean Manson, sent an e-mail to Uppaladadiam stating that Reddy acknowledges her debt and offering an alternative payment plan. (Pl. App. Ex. A-8.) In a sworn declaration, Reddy states

3

"I have never maintained that the $105,000 was not due and payable to Kalpana." (Decl. of Reddy in Def. Resp. ¶ 13.)

### IV. Material Facts Underlying the Kal Ven Solutions/Finalysis Claims

Kal Ven Solutions provides information technology staffing and consulting services. (Pl. App. Ex. A ¶ 1.) Uppaladadiam is a member of Kal Ven and manages its operations. (Pl. App. Ex. A ¶ 2.) Kal Ven asserts that Finalysis is a tax consultancy business attempting to enter the field of IT consulting services. (*Id*.) Kal Ven further asserts that Reddy approached Uppaladadiam asking for business so that Finalysis could obtain revenues from IT consulting services and thus gain credibility in the market. (*Id*.) Finalysis asserts that it is not a money collecting agency nor has it ever been merely a tax consultancy business, but is in fact an IT consulting business as well. (Decl. of Reddy in Def. Resp. ¶ 2.) Finalysis further claims that Uppaladadiam approached Reddy in an effort to hire Finalysis to work on IT consultancy projects involving Dekalb County, Georgia. (*Id*.) Reddy, on behalf of Finalysis, entered into an oral agreement in June 2007 with Uppaladadiam, on behalf of Kal Ven. (Pl. App. Ex. A ¶ 5.) The agreement provided that Kal Ven would pay Finalysis $1,000 per month for services rendered, including taking care of contracts, invoicing and payments. (*Id*.) On December 6, 2007, Kal Ven submitted to Finalysis an invoice in the amount of $85,920 for work performed during July 2007, which Finalysis paid. (Pl. App. Ex A ¶ 6.) On that same day, Kal Ven submitted to Finalysis an invoice in the amount of $93,000 for serviced performed in August 2007, which Finalysis also paid. (Pl. App. Ex A ¶ 7.)

In late 2007, Uppaladadiam became seriously ill and was unable to work until 2008. (Pl. App. Ex. A ¶ 12.) On September 1, 2007, Reddy received an e-mail proposing that Kal Ven be taken out of the arrangement and replaced with Finalysis. (Def. Resp. Ex. A1.) On August 1, 2008, Kal Ven e-mailed Krishna Kumar Challagolla, a director of Finalysis, requesting the invoice from

4

November 2007 to March 2008, to which Challagolla responded with an invoice. (Pl. App. Ex. A-3.) A week later, Kal Ven again e-mailed Challagolla requesting the statement of receipts and payments and the balance payment to Kal Ven. (*Id*.) Challagolla replied with a complete account from June 2007 through April 2008. (*Id*.) He stated that he received the invoice for July and August 2007 and needs the invoice from Kal Ven for 2008 in the amount of $75,207. (*Id*.) On August 19th, Kal Ven sent the invoice to Challagolla and Reddy and asked them to deposit the money into Kal Ven's account. *(Id*.) The next day, Challagolla replied telling Kal Ven that he would try to remit the amount due before Friday evening. (*Id*.) On December 29, 2008, Uppaladadiam e-mailed Reddy requesting the $70,000 owed to Kal Ven and the $105,000 owed to Uppaladadiam personally. (Pl. App. Ex. A-5.) The Defendant responded that she could not give Uppaladadiam the money for another six to eight months. (Pl. App. Ex. A-6.)

Kal Ven argues that it performed services pursuant to the oral agreement from September 1, 2007 through March 21, 2008. (Pl. App. Ex. A ¶ 8-10.) This argument is supported by the e-mails between Uppaladadiam and Challagolla as well as the invoice provided. (*Id*.) Kal Ven also claims that the e-mails between Uppaladadiam and Reddy as well as the e-mail from Manson provide additional evidence that the agreement was still in effect and performance was rendered. (Pl. App. Ex. A-7, 8.) Finalysis contends that the agreement was terminated effective September 1, 2007 and that Finalysis took over the role of Kal Ven when Uppaladadiam became ill and was unable to perform. (Def. Resp. Ex. A1.) Finalysis supports this contention with an e-mail proposing that Kal Ven be removed from the invoice and replaced with Finalysis. (*Id*.) Reddy claims that Challagolla was not authorized to send the invoice, that it was sent accidentally and that it does not prove Kal Ven's claim. (Decl. of Reddy in Def. Resp. ¶ 13.)

## V. Analysis

Uppaladadiam has moved for summary judgment for her claim of money had, received, and converted against Reddy, Vallapareddy, Universal Stone Gallery, and Noble Granites and breach of contract against Reddy, Universal Stone Gallery, and Noble Granites. Kal Ven has moved for summary judgment for its breach of contract claim against Finalysis. Plaintiff bears the burden of proof and must establish that the evidence is such that a reasonable juror could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247-48 (1986).

### A. Uppaladadiam/Reddy Dispute over $105,000

#### 1. Claim for Money Had and Received and Conversion

Uppaladadiam gave defendant Reddy three checks totaling $105,000 to be kept safe until the Uppaladadiam requested the funds be returned. Conversion is wrongfully depriving an owner of his property. *Hawkins v. United States*, 458 F.2d 1153, 1155 (5th Cir. 1972). Conversion may be consummated without any intent to keep and without any wrongful taking, where the initial possession by the converter was entirely lawful. *Morissette v. United States*, 342 U.S. 246, 273 (1952). Conversion may include misuse or abuse, or use in an unauthorized manner. *Id*. Money rightfully taken into one's custody may be converted without any intent to keep or embezzle it merely by commingling it with the custodian's own, if he was under a duty to keep it separate and intact. *Id*. The unauthorized and wrongful assumption and exercise of dominion and control over personal property of another, to the exclusion of or inconsistent with the owner's rights, is in law a conversion. *Tifford v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009). The plaintiff must prove that: (1) the plaintiff legally possesses the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused. *Id*.

Here, it is undisputed that Uppaladadiam was entitled to the $105,000, that Reddy failed to return the property, that Uppaladadiam demanded the property be returned and that Reddy failed to do so. Reddy has failed to adduce sufficient evidence to enable a reasonable jury to find that she did not have, receive and convert the $105,000. No genuine issue of material fact precludes summary judgment on this claim.

2. Breach of Contract

If a party to a contract breaches it by his conduct, the innocent party is entitled to his damages. *Dade County v. Palmer & Baker Engineers, Inc*. 318 F.2d 18, 24 (5th Cir. 1963). The elements of a breach of contract claim are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damages as a result of that breach. *Case Corp. V. Hi-Class Bus. Sys. Of Am., Inc*., 184 S.W.3d 760, 769 (Tex. App.-Dallas 2005, pet. denied).

Uppaladadiam contends that defendants Reddy, Universal Stone Gallery, and Noble Granites breached a contract with Uppaladadiam to keep safe the $105,000 that they were entrusted with. $45,000 of this money was given to defendant Reddy via certified check, deposited into her bank account and later used to pay obligations of Universal Stone Gallery, Inc. (Pl. App. Ex. C.) An additional $45,000 was given to defendant Stone Gallery, Inc. and was also spent in the ordinary course of business. (Pl. App. Ex. E.) The remaining $15,000 was given to Noble Granites, Inc. and was similarly spent in the ordinary course of business. (Pl. App. Ex. F.) There is no dispute that the parties had an agreement, Uppaladadiam performed, Reddy breached the agreement by failing to return the money, and Uppaladadiam has suffered damages because of the breach. There is no question of material fact so as to preclude summary judgment.

B. Kal Ven/Finalysis:Claim for Breach of Contract

Neither party disputes that a valid and enforceable oral agreement was entered into. However, the parties dispute whether (1) the agreement was terminated on September 1, 2007 and (2) whether there was performance on behalf of Kal Ven from September 2007 through March 2008. Generally, contracts that are indefinite in duration and contemplate continuing performance or successive performances can be terminated at the will of either party. *Clear Lake City Water Auth. V. Clear Lake Utils. Co.*, 549 S.W.2d 385, 387, 390 (Tex. 1977). When the term of service is left to the discretion of either party, or the term left indefinite, either party may put an end to it at will, and so without cause. *Brown v. Sabre, Inc*. 173 S.W.3d 581, 585 (Tex. App. -Fort Worth 2005, no pet.).

Kal Ven claims that the oral agreement entered into between Kal Ven and Finalysis was never terminated and that Finalysis owes the final invoice to Kal Ven. Kal Ven asserts that the invoice provided by Challagolla for services between September 1, 2007 and March 31, 2008 prove that Finalysis owes Plaintiff $75,207. Further, the e-mail correspondence between Kal Ven, Challagolla, Reddy and Manson provide more evidence indicating the debt is still owed. Kal Ven also relies on the e-mail and invoice from Challagolla to prove that Kal Ven performed under the agreement.

Finalysis asserts that when Uppaladadiam became sick and was no longer able to work, that the agreement was terminated and Kal Ven was unable to perform. Finalysis offers an e-mail showing that Kal Ven was taken out and replaced by Finalysis, effective September 1, 2007. Additionally, Finalysis contends that the e-mail correspondence between Kal Ven and Challagolla was made in error and without authority and that there was no acknowledgment of money owed to Kal Ven by Finalysis. Reddy also denies that neither she nor Manson acknowledged the Finalysis

8

invoice and debt to Kal Ven and that the e-mail merely acknowledged the debt owed to Uppaladadiam by Reddy.

Taking the evidence most favorably to Defendant, the Court determines that there is a genuine issue of material fact with respect to whether the oral agreement was terminated and whether there was performance on behalf of Kal Ven during the disputed time. The Court cannot conclude as a matter of law that the oral agreement was still in effect or that performance of the agreement was satisfied. Accordingly, summary judgment for the breach of contract against Finalysis must be denied.

### VI. Conclusion

For the reasons stated herein, the Court grants in part and denies in part Plaintiffs' Motion for Summary Judgment. Specifically, the Court GRANTS the motion with respect to Plaintiff's claim of money had and received and conversion as well as breach of contract between Plaintiff Uppaladadium and Defendants Sucharita Reddy, Universal Stone Gallery, Inc. and Noble Granites, Inc. Plaintiff's Motion for Summary Judgment on the breach of contract claim between Plaintiff Kal Ven and Defendant Finalysis is DENIED. Plaintiff is entitled to $105,000 plus post-judgment interest at the federal court judgment rate in effect when the judgment is entered. Because the parties have not yet briefed the issue of pre-judgment interest and attorney's fees, the Court reserves judgment on these issues for post-judgment proceedings.

SO ORDERED, this 15th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE